912 F.2d 465
 135 L.R.R.M. (BNA) 2328
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MOBILE HOME ESTATES, INC., Respondent.
 No. 89-5265.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, National Labor Relations Board (NLRB), pursuant to the National Labor Relations Act (the Act), as amended, 61 Stat. 136, 73 Stat. 519, 88 Stat. 395, codified at 29 U.S.C. Secs. 151, et seq., has applied for enforcement of its order issued on January 26, 1989, directing respondent, Mobile Home Estates, Inc. (the company), to cease and desist from committing various violations of the Act and to implement the policies of the Act as directed by its order of January 26, 1989.
 
 
 2
 The company discharged employee Alan Lupien in 1984, for two successive days of absence. Despite Lupien's poor record of attendance and frequent tardiness, he was not disciplined until after he had actively participated in revitalizing the union at the company's facility and aspired to the presidency of the local. His discharge occurred on the Monday following a major union meeting at which he was a central participant. Following a hearing, an administrative law judge (ALJ) concluded that the company discharged Lupien for his union activities and ordered him reinstated with back pay.
 
 
 3
 In 1986, the company discharged Jerry Talbert, allegedly for failing to disclose a felony conviction on his application for employment. The company also alleged that, at Talbert's employment interview with Jim Joseph, the company's personnel manager, he had implied that, in the past, he had been convicted of a misdemeanor.
 
 
 4
 James Newman, the company president, testified that he had ordered Talbert discharged immediately upon being advised of Talbert's felony drug trafficking conviction. Before his discharge, however, Talbert had been elected president of the union local. The ALJ credited Talbert's testimony over Joseph's, despite Talbert's felony conviction and his obvious lack of candor on the employment application, and concluded that the company had discharged him because of his union activities. Ignoring the company's defense that it implemented a policy of denying employment to felons convicted of drug charges in an effort to protect the majority of its workforce of recent high school graduates, and that, in any event, it would have discharged Talbert irrespective of his union activities, the ALJ ordered that Talbert be reinstated and awarded back pay.
 
 
 5
 The ALJ also decided that the company had failed on two occasions to provide information on grievances, in violation of sections 8(a)(5) and (1) of the Act, and, on two occasions, had unlawfully issued written warnings in violation of sections 8(a) and (3) of the Act for conducting union-related conversations on company time.
 
 
 6
 The NLRB affirmed with minor modifications the ALJ's disposition of January 26, 1989. The Board seeks enforcement of that order.
 
 
 7
 This court has reviewed petitioner's order, respondent's assignments of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, and is convinced that, in assigning greater credibility to a convicted felon who intentionally distorted the facts of his conviction on his application for employment and employment interview, the ALJ and the NLRB abused their discretion. Consequently, this court concludes that the Board's findings and order as it relates to Jerry Talbert is not supported by substantial evidence, but that the remainder of the Board's findings and order are supported by substantial evidence.
 
 
 8
 Accordingly, for the reasons stated, the Board's petition for enforcement of its order concerning Jerry Talbert is DENIED, and, as so modified, is otherwise GRANTED.